**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CONVERGEONE HOLDINGS, INC., | Case No. 24-90194 (CML) |
| Debtor. | |
| Tax I.D. No. 81-4619427 | |
| In re: | Chapter 11 |
| AAA NETWORK SOLUTIONS, INC., | Case No. 24-90196 (CML) |
| Debtor. | |
| Tax I.D. No. 61-1597602 | |
| In re: | Chapter 11 |
| CONVERGEONE DEDICATED SERVICES, LLC, | Case No. 24-90197 (CML) |
| Debtor. | |
| Tax I.D. No. 20-4273323 | |
| In re: | Chapter 11 |
| CONVERGEONE GOVERNMENT SOLUTIONS, LLC, | Case No. 24-90198 (CML) |
| Debtor. | |
| Tax I.D. No. 45-3077538 | |

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CONVERGEONE MANAGED SERVICES, LLC, | ) ) ) | Case No. 24-90199 (CML) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 20-4616277 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| CONVERGEONE SYSTEMS INTEGRATION, INC., | ) ) ) | Case No. 24-90200 (CML) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 33-1009098 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| CONVERGEONE TECHNOLOGY UTILITIES, INC., | ) ) ) | Case No. 24-90201 (CML) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 13-3376466 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| CONVERGEONE TEXAS, LLC, | ) ) | Case No. 24-90193 (CML) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 99-1265063 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| CONVERGEONE UNIFIED TECHNOLOGY SOLUTIONS, INC., | ) ) ) | Case No. 24-90202 (CML) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 13-3192412 | ) |  |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONVERGEONE, INC., | ) | Case No. 24-90203 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 41-1763228 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INTEGRATION PARTNERS CORPORATION, | ) | Case No. 24-90204 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 04-3467289 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NETSOURCE COMMUNICATIONS INC., | ) | Case No. 24-90205 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4056228 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NUAGE EXPERTS LLC, | ) | Case No. 24-90206 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3508150 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PROVIDEA CONFERENCING, LLC, | ) | Case No. 24-90207 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3797448 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| PVKG INTERMEDIATE HOLDINGS INC., | Case No. 24-90195 (CML) |
| Debtor. | |
| Tax I.D. No. 83-2454875 | |
| In re: | Chapter 11 |
| SILENT IT, LLC, | Case No. 24-90208 (CML) |
| Debtor. | |
| Tax I.D. No. 46-2837730 | |
| In re: | Chapter 11 |
| WRIGHTCORE, INC., | Case No. 24-90209 (CML) |
| Debtor. | |
| Tax I.D. No. 81-0863654 | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

4

> **Emergency relief has been requested. Relief is requested not later than 2:30 p.m. (prevailing Central Time) on April 4, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on April 4, 2024 at 2:30 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "electronic appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") and (b) granting related relief.

2. Specifically, the Debtors respectfully request that the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") maintain one file and one docket for the Debtors' cases under the case of Debtor ConvergeOne Holdings, Inc., and that the cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) ) Chapter 11 ) |
| CONVERGEONE HOLDINGS, INC., *et al.*,[1] | ) Case No. 24-90194 (CML) ) |
| Debtors. | ) (Jointly Administered) ) |

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: AAA Network Solutions, Inc. (7602); ConvergeOne Dedicated Services, LLC (3323); ConvergeOne Government Solutions, LLC (7538); ConvergeOne Holdings, Inc. (9427); ConvergeOne Managed Services, LLC (6277); ConvergeOne Systems Integration, Inc. (9098); ConvergeOne Technology Utilities, Inc. (6466); ConvergeOne Texas, LLC (5063); ConvergeOne Unified Technology Solutions, Inc. (2412); ConvergeOne, Inc. (3228); Integration Partners Corporation (7289); NetSource Communications Inc. (6228); NuAge Experts LLC (8150); Providea Conferencing, LLC (7448); PVKG Intermediate Holdings Inc. (4875); Silent IT, LLC (7730); and WrightCore, Inc. (3654). The Debtors' mailing address is 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437.

3. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

4. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases, other than the case of ConvergeOne Holdings, Inc., to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the following chapter 11 cases: ConvergeOne Holdings, Inc., Case No. 24-90194 (CML); AAA Network Solutions, Inc., Case No. 24-90196 (CML); ConvergeOne Dedicated Services, LLC, Case No. 24-90197 (CML); ConvergeOne Government Solutions, LLC, Case No. 24-90198 (CML); ConvergeOne Managed Services, LLC, Case No. 24-90199 (CML); ConvergeOne Systems Integration, Inc., Case No. 24-90200 (CML); ConvergeOne Technology Utilities, Inc., Case No. 24-90201 (CML); ConvergeOne Texas, LLC, Case No. 24-

90193 (CML); ConvergeOne Unified Technology Solutions, Inc., Case No. 24-90202 (CML); ConvergeOne, Inc., Case No. 24-90203 (CML); Integration Partners Corporation, Case No. 24-90204 (CML); NetSource Communications Inc., Case No. 24-90205 (CML); NuAge Experts LLC, Case No. 24-90206 (CML); Providea Conferencing, LLC, Case No. 24-90207 (CML); PVKG Intermediate Holdings Inc., Case No. 24-90195 (CML); Silent IT, LLC, Case No. 24-90208 (CML); WrightCore, Inc., Case No. 24-90209 (CML). The docket in Case No. 24-90194 (CML) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-90194 (CML)**.

5. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Salvatore Lombardi in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"),[1] filed contemporaneously herewith.

## Jurisdiction, Venue, and Predicates for Relief

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The predicates for the relief requested herein are rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## Background

**I.    Overview of Chapter 11 Cases**

9. On April 4, 2024 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

7

their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases, and no official committees have been appointed or designated.

10. The Debtors, together with their non-Debtor affiliates (collectively, "**C1**"), are a leading global provider of information technology services to private and public sector customers, including many of the companies listed on the Fortune 100. C1 was founded in 1993 and has a global workforce of more than 3,000 individuals in 49 states and 15 countries, with main domestic hubs in Minnesota, New Jersey, Texas, and California. Through a series of acquisitions and growth, today C1 serves more than 6,000 customers worldwide. C1 partners with more than 140 global industry partners to design, implement, and support thousands of IT solutions across its core technology markets: pure and hybrid cloud solutions, business applications, customer experiences, contact center design and enablement, modern workplace infrastructure, cyber security, and enterprise networking.

11. These Chapter 11 Cases are prepackaged cases commenced for the purpose of implementing a comprehensive deleveraging of the Debtors' capital structure in accordance with the terms of a Restructuring Support Agreement (the "**RSA**") with the beneficial holders of (a) approximately 81% of the Debtors' first lien debt and (b) approximately 81% of the Debtors' second lien term loans. On the Petition Date, the Debtors are filing a plan of reorganization reflecting the terms of the RSA (the "**Plan**"), along with a disclosure statement with respect to the Plan (the "**Disclosure Statement**"). The Plan contemplates that all general unsecured claims will be paid in full in cash or otherwise be unimpaired. The Debtors are also filing a motion seeking, among other things, (a) conditional approval of the Disclosure Statement and (b) a combined

hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan.

12.     Additional factual background and information regarding the Debtors, including their business operations, corporate and capital structure, their restructuring activities, the RSA, and the events leading to the commencement of these Chapter 11 Cases, is set forth in the First Day Declaration.

## Basis for Relief

13.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtor entities that commenced the Chapter 11 Cases are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.  ConvergeOne Texas, LLC, the first entity to file a petition in the Chapter 11 Cases, has been incorporated in Texas since its formation.  The Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.  Bankruptcy Local Rule 1015-1 also provides for the joint administration of related chapter 11 cases.

14.     Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.  Accordingly, the joint administration of the Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

## Emergency Consideration

15.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days

after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. Failure to receive the requested relief during the first twenty-one days of the Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

16. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to the Prepetition First Lien Term Loan Agent; (e) counsel to the Prepetition KL Notes Agent; (f) counsel to the Prepetition PVKG Notes Agent; (g) counsel to the Prepetition Second Lien Agent; (h) counsel to the First Lien Ad Hoc Group; (i) counsel to the Second Lien Ad Hoc Group; (j) the United States Attorney's Office for the Southern District of Texas; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; (n) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (o) other governmental agencies having a regulatory or statutory interest in these cases; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(d). In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

The Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: April 4, 2024
Houston, Texas

**WHITE & CASE LLP**

*/s/ Charles R. Koster*
Charles R. Koster (Texas Bar No. 24128278)
**WHITE & CASE LLP**
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

-and-

Bojan Guzina (*pro hac vice* pending)
Andrew F. O'Neill (*pro hac vice* pending)
Erin R. Rosenberg (*pro hac vice* pending)
Blair M. Warner (*pro hac vice* pending)
Adam T. Swingle (*pro hac vice* pending)
**WHITE & CASE LLP**
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
Email:  bojan.guzina@whitecase.com
         aoneill@whitecase.com
         erin.rosenberg@whitecase.com
         blair.warner@whitecase.com
         adam.swingle@whitecase.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

/s/ Charles R. Koster
Charles R. Koster

**Certificate of Service**

I certify that on April 4, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Charles R. Koster
Charles R. Koster

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CONVERGEONE HOLDINGS, INC., | ) ) | Case No. 24-90194 (CML) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 81-4619427 | ) ) | |
| In re: | ) ) | Chapter 11 |
| AAA NETWORK SOLUTIONS, INC., | ) ) | Case No. 24-90196 (CML) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 61-1597602 | ) ) | |
| In re: | ) ) | Chapter 11 |
| CONVERGEONE DEDICATED SERVICES, LLC, | ) ) ) | Case No. 24-90197 (CML) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 20-4273323 | ) ) | |
| In re: | ) ) | Chapter 11 |
| CONVERGEONE GOVERNMENT SOLUTIONS, LLC, | ) ) ) | Case No. 24-90198 (CML) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 45-3077538 | ) | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CONVERGEONE MANAGED SERVICES, LLC, ) | Case No. 24-90199 (CML) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 20-4616277 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CONVERGEONE SYSTEMS INTEGRATION, INC., ) | Case No. 24-90200 (CML) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 33-1009098 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CONVERGEONE TECHNOLOGY UTILITIES, INC., ) | Case No. 24-90201 (CML) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 13-3376466 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CONVERGEONE TEXAS, LLC, ) | Case No. 24-90193 (CML) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 99-1265063 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CONVERGEONE UNIFIED TECHNOLOGY SOLUTIONS, INC., ) | Case No. 24-90202 (CML) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 13-3192412 ) | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONVERGEONE, INC., | ) | Case No. 24-90203 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 41-1763228 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INTEGRATION PARTNERS CORPORATION, | ) | Case No. 24-90204 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 04-3467289 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NETSOURCE COMMUNICATIONS INC., | ) | Case No. 24-90205 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4056228 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NUAGE EXPERTS LLC, | ) | Case No. 24-90206 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3508150 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PROVIDEA CONFERENCING, LLC, | ) | Case No. 24-90207 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3797448 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PVKG INTERMEDIATE HOLDINGS INC., | ) | Case No. 24-90195 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-2454875 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SILENT IT, LLC, | ) | Case No. 24-90208 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-2837730 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WRIGHTCORE, INC., | ) | Case No. 24-90209 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-0863654 | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1, directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only and granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4

consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to ConvergeOne Holdings, Inc., Case No. 24-90194 (CML).

2. All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed under the case number assigned to ConvergeOne Holdings, Inc., Case No. 24-90194 (CML).

3. Additionally, the following checked items are ordered:

    a. ☒ One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent.

    b. ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

    c. ☒ Other: See below.

4. The caption of the jointly administered cases will read as follows:

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONVERGEONE HOLDINGS, INC., *et al.*,[1] | ) Case No. 24-90194 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: AAA Network Solutions, Inc. (7602); ConvergeOne Dedicated Services, LLC (3323); ConvergeOne Government Solutions, LLC (7538); ConvergeOne Holdings, Inc. (9427); ConvergeOne Managed Services, LLC (6277); ConvergeOne Systems Integration, Inc. (9098); ConvergeOne Technology Utilities, Inc. (6466); ConvergeOne Texas, LLC (5063); ConvergeOne Unified Technology Solutions, Inc. (2412); ConvergeOne, Inc. (3228); Integration Partners Corporation (7289); NetSource Communications Inc. (6228); NuAge Experts LLC (8150); Providea Conferencing, LLC (7448); PVKG Intermediate Holdings Inc. (4875); Silent IT, LLC (7730); and WrightCore, Inc. (3654). The Debtors' mailing address is 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437.

5. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

6. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than ConvergeOne Holdings, Inc., to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the following chapter 11 cases: ConvergeOne Holdings, Inc., Case No. 24-90194 (CML); AAA Network Solutions, Inc., Case No. 24-90196 (CML); ConvergeOne Dedicated Services, LLC, Case No. 24-90197 (CML); ConvergeOne Government Solutions, LLC, Case No. 24-90198 (CML); ConvergeOne Managed Services, LLC, Case No. 24-90199 (CML); ConvergeOne Systems Integration, Inc., Case No. 24-90200 (CML); ConvergeOne Technology Utilities, Inc., Case No. 24-90201 (CML); ConvergeOne Texas, LLC, Case No. 24-90193 (CML); ConvergeOne Unified Technology Solutions, Inc., Case No. 24-90202 (CML); ConvergeOne, Inc., Case No. 24-90203

(CML); Integration Partners Corporation, Case No. 24-90204 (CML); NetSource Communications Inc., Case No. 24-90205 (CML); NuAge Experts LLC, Case No. 24-90206 (CML); Providea Conferencing, LLC, Case No. 24-90207 (CML); PVKG Intermediate Holdings Inc., Case No. 24-90195 (CML); Silent IT, LLC, Case No. 24-90208 (CML); WrightCore, Inc., Case No. 24-90209 (CML). The docket in Case No. 24-90194 (CML) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-90194 (CML)**.

7. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

8. Any party in interest may request joint hearings on matters pending in any of the Chapter 11 Cases.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

10. The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. Any creditor filing a proof of claim against any of the Debtors or their respective estates shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of the Court.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

14. This Order shall take effect immediately upon entry.

Houston, Texas  
Dated: _____, 2024

_____  
UNITED STATES BANKRUPTCY JUDGE