# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONVERGEONE HOLDINGS, INC., *et al.*,[1] | ) Case No. 24-90194 (CML) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER
## (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES AND
## (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, EACH EFFECTIVE AS
## OF THE APPLICABLE REJECTION DATE, AND (II) GRANTING RELATED RELIEF

> **This Motion seeks entry of an order that may adversely affect you. If you oppose the Motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this Motion was served on you. Your response must state why the Motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the Motion at the hearing.**
>
> **Represented parties should act through their attorneys.**

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND LEASES ON THE LIST OF REJECTED LEASES ON <u>SCHEDULE 1</u> ATTACHED TO THE PROPOSED ORDER.**

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: AAA Network Solutions, Inc. (7602); ConvergeOne Dedicated Services, LLC (3323); ConvergeOne Government Solutions, LLC (7538); ConvergeOne Holdings, Inc. (9427); ConvergeOne Managed Services, LLC (6277); ConvergeOne Systems Integration, Inc. (9098); ConvergeOne Technology Utilities, Inc. (6466); ConvergeOne Texas, LLC (5063); ConvergeOne Unified Technology Solutions, Inc. (2412); ConvergeOne, Inc. (3228); Integration Partners Corporation (7289); NetSource Communications Inc. (6228); NuAge Experts LLC (8150); Providea Conferencing, LLC (7448); PVKG Intermediate Holdings Inc. (4875); Silent IT, LLC (7730); and WrightCore, Inc. (3654). The Debtors' mailing address is 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):

## Relief Requested

1. The Debtors seek entry of an order substantially in the attached proposed form (the "**Proposed Order**") (i) authorizing the Debtors to reject certain unexpired non-residential real property leases listed on **Schedule 1** to the Proposed Order (the "**Rejected Leases**," and the counterparties thereto, the "**Lease Counterparties**," and the real property subject thereto, the "**Leased Premises**") effective as of the applicable rejection date listed on Schedule 1 (the "**Rejection Date**"), (ii) authorizing the abandonment of certain personal property that is located on the Leased Premises (if any), and (iii) granting related relief.

2. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Salvatore Lombardi in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith.

## Jurisdiction, Venue, and Predicates for Relief

3. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The predicates for the relief requested herein are sections 105(a), 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

2

**Background**

**I.     Overview of Chapter 11 Cases**

6.     On April 4, 2024 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court (the "**Chapter 11 Cases**").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases, and no official committees have been appointed or designated.

7.     The Debtors, together with their non-Debtor affiliates (collectively, "**C1**"), are a leading global provider of information technology services to private and public sector customers, including many of the companies listed on the Fortune 100.  C1 was founded in 1993 and has a global workforce of more than 3,000 individuals in 49 states and 15 countries, with main domestic hubs in Minnesota, New Jersey, Texas, and California.  Through a series of acquisitions and growth, today C1 serves more than 6,000 customers worldwide.  C1 partners with more than 140 global industry partners to design, implement, and support thousands of IT solutions across its core technology markets: pure and hybrid cloud solutions, business applications, customer experiences, contact center design and enablement, modern workplace infrastructure, cyber security, and enterprise networking.

8.     These Chapter 11 Cases are prepackaged cases commenced for the purpose of implementing a comprehensive deleveraging of the Debtors' capital structure in accordance with the terms of a Restructuring Support Agreement (the "**RSA**") with the beneficial holders of (a) approximately 81% of the Debtors' first lien debt and (b) approximately 81% of the Debtors' second

3

lien term loans. On the Petition Date, the Debtors are filing a plan of reorganization reflecting the terms of the RSA (the "**Plan**"), along with a disclosure statement with respect to the Plan (the "**Disclosure Statement**"). The Plan contemplates that all general unsecured claims will be paid in full in cash or otherwise be unimpaired. The Debtors are also filing a motion seeking, among other things, (a) conditional approval of the Disclosure Statement and (b) a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan.

9.  Additional factual background and information regarding the Debtors, including their business operations, corporate and capital structure, their restructuring activities, the RSA, and the events leading to the commencement of these Chapter 11 Cases, is set forth in the First Day Declaration.

## II.    The Rejected Leases

10.  The Rejected Leases are leases of non-residential real property that the Debtors have used from time to time to conduct their operations. Prior to commencing the Chapter 11 Cases, the Debtors, in consultation with their financial advisor, AlixPartners LLP ("**Alix**"), performed a comprehensive review and analysis of their real property leases. The Debtors no longer significantly use or need the Leased Premises under the Rejected Leases due to various operational changes, the Debtors' downsizing and cost-saving efforts, a shift towards remote working preferences stemming from the COVID-19 pandemic, and relocation to less expensive office space. In addition, the Debtors have reviewed the market value of the Leased Premises, and have determined in their business judgment that marketing the Leased Premises for assignment or sublease to a third party would not generate any significant value for the estates or creditors, especially compared to the costs associated with maintaining the Leased Premises. Absent rejection, the Debtors would incur unnecessary administrative expenses every month in lease payments to Lease Counterparties, ultimately to the detriment of the Debtors' estates. Further, the

Debtors would be obligated to pay their proportionate share of common area expenses, real property taxes, utility costs, insurance, and other related charges associated with certain of the Rejection Leases. Accordingly, the Debtors seek the authority to reject the fourteen (14) Rejected Leases listed on **Schedule 1** to the Proposed Order.

11. The Debtors vacated the Leased Premises under many of the Rejected Leases prior to the Petition Date and seek to reject those Rejected Leases effective as of the Petition Date. The Debtors will vacate the Leased Premises under the remaining Rejected Leases as soon as practicable and seek to reject those Rejected Leases effective no later than the applicable Rejection Date. The proposed Rejection Date for each Rejected Lease is set forth on **Schedule 1** to the Proposed Order.

12. Pursuant to the terms of the Proposed Order, a Lease Counter Party with a claim for damages resulting from the Debtors' rejection of the Rejected Leases set forth on **Schedule 1** to the Proposed Order must submit a proof of claim on or before the later of (a) the deadline for filing proofs of claim established in these Chapter 11 Cases and (b) thirty (30) days after the entry of this Proposed Order. If a Lease Counterparty does not properly file such proof of claim by the deadline as set forth in this paragraph, such Lease Counterparty shall be forever barred from asserting any claims for such rejection damages.

### III.  The Abandoned Property

13. The Debtors will remove their material personal property located or stored at the Leased Premises. However, the Debtors, in consultation with Alix, have determined in their reasonable business judgment that the costs associated with the continued storage of certain personal property, including equipment and office furniture of *de minimis* value (the "**Abandoned Property**"), is likely to exceed any projected proceeds that could be realized from the sale thereof, or the value associated with continuing to utilize such Abandoned Property in the ordinary course

of the Debtors' business. Thus, storage and removal costs associated with the Abandoned Property would impose a financial burden on the Debtors' estates and not provide commensurate value in return. Accordingly, the Debtors request that the Court approve the abandonment of the Abandoned Property in connection with the Debtors' rejection of the Rejected Leases.

14. The Proposed Order provides that the applicable Lease Counterparties may use or dispose of the Abandoned Property in their sole and absolute discretion without further notice or liability to any party (including the Debtors) claiming an interest in such Abandoned Property. The Proposed Order further provides that the automatic stay, to the extent applicable, is modified to allow for the utilization or disposition of the Abandoned Property by the Lease Counterparties, as applicable. Finally, the Proposed Order provides that the rights of the Lease Counterparties to assert claims for the disposition of any Abandoned Property are reserved, as are all parties' rights to object to such claims. In this way, the Debtors' interests in maximizing estate value are balanced against the rights of the Lease Counterparties.

**Basis for Relief**

**I. Rejection of the Rejected Leases Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment**

15. Section 365(a) of the Bankruptcy Code provides, in pertinent part, as follows: "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Rejection under section 365 is generally intended to enable a debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts and leases in order to preserve and maximize the value of the bankruptcy estate. *See Stewart Title Guar. Co. v. Old Rep. Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed."). Bankruptcy courts use the business judgment standard to

determine whether to approve a lease or contract rejection. *See Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Grp. of Institutional Inv. v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co.*, 318 U.S. 523, 550 (1943)) (explaining that "It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'").

16. The "business judgment" test merely requires a showing that rejection of the unexpired lease or contract will benefit the debtor's estate, and courts will approve such rejection unless the decision is the product of bad faith, whim, or caprice. *See In re Pisces Energy, LLC*, Case No. 09-36591-H5-11, 2009 Bankr. LEXIS 4709, at *18-19 (Bankr. S.D. Tex. Dec. 21, 2009) ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered.") (quoting *NLRB v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984)).

17. Rejection of the Rejected Leases is well within the Debtors' reasonable business judgment and is in the best interests of their estates and creditors. The Debtors have determined that the Rejected Leases are not necessary for the Debtors' continued operations, are burdensome, and do not provide economic value to the estates that exceeds the administrative expenses that may otherwise accrue under the Rejected Leases. Rejection will result in a significant monthly cost savings to the Debtors' estates by reducing those administrative costs. Given that the Debtors no longer need and will surrender all of the Leased Premises under the Rejected Leases, there is no justification for the Debtors' continued payments under the Rejected Leases after the applicable Rejection Date.

**II.    Abandonment of the Abandoned Property is Authorized under Section 554(a) of the Bankruptcy Code**

18. Bankruptcy Code Section 554(a) provides that "[a]fter notice and hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential

value and benefit to the estate." 11 U.S.C. § 554(a); *see also* Fed. R. Bankr. P. 6007(a) (authorizing abandonment following notice and a hearing). Courts generally give deference to a debtor's decision to abandon property. *See In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless the abandonment of the subject property would be harmful to the public, once a debtor has shown that the retention of such property is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id.* (citing *Midlantic National Bank v. New Jersey Dep't of Env't Protection*, 474 U.S. 494, 507 (1986)); *see also In re Shore Co.*, 134 B.R. 572, 575 (Bankr. E.D. Tex. 1991) ("However, when the property sought to be abandoned by the trustee is environmentally-impacted, the trustee's discretion to abandon is not so unlimited.").

19. The Debtors, in consultation with Alix, have determined that the Abandoned Property has inconsequential value and the cost of removing and storing the Abandoned Property for future use or sale exceeds its value. Moreover, the Debtors have concluded that any efforts by the Debtors to move or market the Abandoned Property could delay the Debtors' exit of the Leased Premises and rejection of the Rejected Leases, which would cause them to incur additional administrative expenses for future rent. Accordingly, authorizing the Debtors to abandon the Abandoned Property is in the best interests of the Debtors and their estates.

**III. Retroactive Relief is Appropriate**

20. The Debtors request that the rejection of the Rejected Leases be authorized as of the applicable Rejection Date specified on **Schedule 1** to the Proposed Order. Courts have held that they may exercise discretion to authorize rejections to be effective to a date prior to entry of the order authorizing such rejection where the balance of the equities favors such relief. *See In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (approving rejection of the leases of closed restaurants retroactively to the later of the date: (i) the motion to reject was filed;

or (ii) the leased space was vacated); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection).

21. The equities weigh in favor of granting the relief requested with respect to the Rejected Leases as of the applicable Rejection Date because (i) the Rejected Leases do not provide material benefit to the Debtors' estates; (ii) failure to grant the relief as requested would result in the Debtors incurring unnecessary administrative costs associated with the Rejected Leases; (iii) the Debtors have, or will have vacated the Leased Premises under each Rejected Lease on or before the applicable Rejection Date; and (iv) there is no unreasonable delay because the Debtors have sought the relief requested at earliest possible juncture of the Chapter 11 Cases. Furthermore, the Lease Counterparties will not be unduly prejudiced if the rejection is deemed effective as of the applicable Rejection Date. Instead, without such relief, the Debtors will be unduly prejudiced as a result of the accrual of unnecessary, substantial administrative expenses in postpetition rent under the Rejected Leases. Therefore, it is appropriate for the relief requested to be effective as of the applicable Rejection Date.

**IV.  The Requirements of Bankruptcy Rule 6006(f) Are Satisfied**

22. Bankruptcy Rule 6006(e) permits a debtor to join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f). *See* Fed. R. Bankr. P. 6006(e). Motions to reject multiple executory contracts or unexpired leases must satisfy the following requirements:

> 1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contacts or leases listed in the motion;
>
> 2) list parties alphabetically and identify the corresponding contract or lease;

9

> 3) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts and unexpired leases; and
>
> 4) be limited to no more than 100 executory contracts or unexpired leases.

Fed. Bankr. P. 6006(f). This Motion and **Schedule 1** to the Proposed Order satisfy the procedural requirements of Bankruptcy Rule 6006(f).

## Reservation of Rights

23. Nothing contained in this Motion nor any actions taken pursuant to the relief requested herein is intended or shall be construed as: (a) as an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease, except for the rejection of the Rejected Leases identified on **Schedule 1**; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common

law, statutory, or otherwise) that may be satisfied pursuant to this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law.

### Notice

24. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to the Prepetition First Lien Term Loan Agent; (e) counsel to the Prepetition KL Notes Agent; (f) counsel to the Prepetition PVKG Notes Agent; (g) counsel to the Prepetition Second Lien Agent; (h) counsel to the First Lien Ad Hoc Group; (i) counsel to the Second Lien Ad Hoc Group; (j) the United States Attorney's Office for the Southern District of Texas; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; (n) other governmental agencies having a regulatory or statutory interest in these cases; (o) all Lease Counterparties; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

The Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: April 4, 2024
       Houston, Texas

**WHITE & CASE LLP**

*/s/ Charles R. Koster*
Charles R. Koster (Texas Bar No. 24128278)
**WHITE & CASE LLP**
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

-and-

Bojan Guzina (*pro hac vice* pending)
Andrew F. O'Neill (*pro hac vice* pending)
Erin R. Rosenberg (*pro hac vice* pending)
Blair M. Warner (*pro hac vice* pending)
Adam T. Swingle (*pro hac vice* pending)
**WHITE & CASE LLP**
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
Email: bojan.guzina@whitecase.com
      aoneill@whitecase.com
      erin.rosenberg@whitecase.com
      blair.warner@whitecase.com
      adam.swingle@whitecase.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Charles R. Koster*
Charles R. Koster

**Certificate of Service**

I certify that on April 4, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Koster*
Charles R. Koster

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CONVERGEONE HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 24-90194 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket No. ___** |

**ORDER (I) AUTHORIZING
(A) REJECTION OF CERTAIN UNEXPIRED LEASES AND
(B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, EACH EFFECTIVE AS
OF THE APPLICABLE REJECTION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a), 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), (i) authorizing the Debtors to reject certain unexpired non-residential real property leases listed on **Schedule 1** to the Order (the "**Rejected Leases**," and the counterparties thereto, the "**Lease Counterparties**," and the real property subject thereto, the "**Leased Premises**") effective as of the applicable rejection date listed on **Schedule 1** (the "**Rejection Date**"), (ii) authorizing the

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: AAA Network Solutions, Inc. (7602); ConvergeOne Dedicated Services, LLC (3323); ConvergeOne Government Solutions, LLC (7538); ConvergeOne Holdings, Inc. (9427); ConvergeOne Managed Services, LLC (6277); ConvergeOne Systems Integration, Inc. (9098); ConvergeOne Technology Utilities, Inc. (6466); ConvergeOne Texas, LLC (5063); ConvergeOne Unified Technology Solutions, Inc. (2412); ConvergeOne, Inc. (3228); Integration Partners Corporation (7289); NetSource Communications Inc. (6228); NuAge Experts LLC (8150); Providea Conferencing, LLC (7448); PVKG Intermediate Holdings Inc. (4875); Silent IT, LLC (7730); and WrightCore, Inc. (3654). The Debtors' mailing address is 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

abandonment of certain personal property that is located on the Leased Premises (if any), and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Rejected Leases listed on **Schedule 1**, attached hereto, are rejected pursuant to section 365 of the Bankruptcy Code effective as of the applicable Rejection Date identified on **Schedule 1**.

2. The Debtors are authorized to abandon the Abandoned Property, if any, effective as of the applicable Rejection Date, and the Lease Counterparties may use or dispose of the Abandoned Property on and after the applicable Rejection Date in their discretion without further notice to or approval from the Debtors or any third party. The automatic stay, to the extent applicable, is modified solely to allow for such utilization or disposition of the Abandoned Property by the Lease Counterparties. The rights of the Lease Counterparties to assert claims

related to the disposition of Abandoned Property are reserved, as are all parties' rights to object to such claims.

3. Any claim held by the Debtors against a Lease Counterparty is fully reserved.

4. Each Lease Counterparty must file a proof of claim, if at all, on or before the later of (a) the deadline for filing proofs of claim established in these Chapter 11 Cases and (b) thirty (30) days after the entry of this Order, or else be forever barred.

5. The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. Nothing contained in the Motion or this Order nor any actions taken pursuant to the relief granted herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Motion or in this Order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease, except for the rejection of the Rejected Leases identified on Schedule 1; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h)

an implication or admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' and any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The contents of this Motion satisfy the requirements of Bankruptcy Rule 6006.

10. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Houston, Texas
Dated: _____, 2024

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Schedule 1</u>**

**Leases**

| Debtor Lessee | Property Address | City | State | Zip Code | Landlord Name | Applicable Rejection Date |
|---|---|---|---|---|---|---|
| NuAge Experts, LLC | 2737 Mapleton Ave, Suite 300 & 103 | Boulder | CO | 80302 | LBJR, LLC | Petition Date |
| ConvergeOne, Inc. | 1550 North Brown Road, Suite 120 | Lawrenceville | GA | 30043 | Advanced Management Solutions, LLC | Petition Date |
| ConvergeOne, Inc. | 250 S. 5th Street, Suite 302 | Boise | ID | 83702 | Moore Properties, LLC | 4/8/2024 |
| ConvergeOne, Inc. | 900 S. Kansas Avenue, Suite 303 | Topeka | KS | 66612 | 900 Kansas LLC | 4/12/2024 |
| ConvergeOne, Inc. | 301 N. Main, Suite 1850 | Wichita | KS | 67202 | Ruffin Epic, LLC | Petition Date |
| ConvergeOne, Inc. | 1859 Bowles Ave, Suite 200 | Fenton | MO | 63026 | GMH Intertech, LLC | 4/12/2024 |
| ConvergeOne, Inc. | 4200 S. Quail Creek | Springfield | MO | 65810 | HMG Investments LLC | Petition Date |
| ConvergeOne, Inc. | 613 Crescent Circle Suite 200 | Ridgeland | MS | 39157 | 613 Crescent Circle, LLC | Petition Date |
| ConvergeOne, Inc. | 9140 West Dodge Road, Suite 410 | Omaha | NE | 68114 | 9140 West Dodge, LLC | Petition Date |
| ConvergeOne, Inc. | 12 Christopher Way Suite 301 | Eatontown | NJ | 7724 | Christopher Way Properties, LLC | 4/5/2024 |
| ConvergeOne, Inc. | 9016B Washington St. N.E. | Albuquerque | NM | 87113 | Usiak Family Trust | 4/17/2024 |
| WrightCore, Inc. | 5959 Shallowford Road Suite 511 | Chattanooga | TN | 37421 | Hickory Shallowford Land Company, LLC | Petition Date |
| ConvergeOne, Inc. | N19 W24400 Riverwood Drive, #375 | Waukesha | WI | 53188 | PMZ-Riverwood, LLC | Petition Date |
| ConvergeOne, Inc. | 401 East E Street | Casper | WY | 82601 | WWLJ, LLC | 4/16/2024 |