United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 04, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONVERGEONE HOLDINGS, INC., | ) | Case No. 24-90194 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4619427 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AAA NETWORK SOLUTIONS, INC., | ) | Case No. 24-90196 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-1597602 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CONVERGEONE DEDICATED SERVICES, LLC, | ) | Case No. 24-90197 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4273323 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CONVERGEONE GOVERNMENT SOLUTIONS, LLC, | ) | Case No. 24-90198 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-3077538 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONVERGEONE MANAGED SERVICES, LLC, | ) Case No. 24-90199 (CML) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-4616277 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CONVERGEONE SYSTEMS INTEGRATION, INC., | ) Case No. 24-90200 (CML) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 33-1009098 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CONVERGEONE TECHNOLOGY UTILITIES, INC., | ) Case No. 24-90201 (CML) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 13-3376466 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CONVERGEONE TEXAS, LLC, | ) Case No. 24-90193 (CML) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 99-1265063 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CONVERGEONE UNIFIED TECHNOLOGY SOLUTIONS, INC., | ) Case No. 24-90202 (CML) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 13-3192412 | ) |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONVERGEONE, INC., | ) | Case No. 24-90203 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 41-1763228 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INTEGRATION PARTNERS CORPORATION, | ) | Case No. 24-90204 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 04-3467289 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NETSOURCE COMMUNICATIONS INC., | ) | Case No. 24-90205 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4056228 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NUAGE EXPERTS LLC, | ) | Case No. 24-90206 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3508150 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PROVIDEA CONFERENCING, LLC, | ) | Case No. 24-90207 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3797448 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PVKG INTERMEDIATE HOLDINGS INC., | ) | Case No. 24-90195 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-2454875 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SILENT IT, LLC, | ) | Case No. 24-90208 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-2837730 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WRIGHTCORE, INC., | ) | Case No. 24-90209 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-0863654 | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession

(collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to Bankruptcy Rule

1015(b) and Bankruptcy Local Rule 1015-1, directing the joint administration of the Debtors'

Chapter 11 Cases for procedural purposes only and granting related relief, all as more fully set

forth in the Motion; and upon consideration of the First Day Declaration; and the Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

consistent with Article III of the United States Constitution; and venue of this proceeding and the

Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice

of and the opportunity for a hearing on the Motion having been given and it appearing that no other

or further notice need be provided; and this Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before this Court; and all

objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the relief

requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and this Court having determined that the legal and factual bases set forth in

the Motion and at the hearing establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The above-captioned Chapter 11 Cases are consolidated for procedural purposes

only and shall be jointly administered by the Court under the case number assigned to

ConvergeOne Holdings, Inc., Case No. 24-90194 (CML).

2.      All pleadings and other documents to be filed in the jointly administered cases shall

be filed and docketed under the case number assigned to ConvergeOne Holdings, Inc., Case No.

24-90194 (CML).

3.      Additionally, the following checked items are ordered:

    a.   ☒   One disclosure statement and plan of reorganization may be filed for all of
               the cases by any plan proponent.

    b.   ☒   Parties may request joint hearings on matters pending in any of the
               jointly administered cases.

    c.   ☒   Other:  See below.

4.      The caption of the jointly administered cases will read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONVERGEONE HOLDINGS, INC., *et al.*,[1] | ) | Case No. 24-90194 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]   The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: AAA Network Solutions, Inc. (7602); ConvergeOne Dedicated Services, LLC (3323); ConvergeOne Government Solutions, LLC (7538); ConvergeOne Holdings, Inc. (9427); ConvergeOne Managed Services, LLC (6277); ConvergeOne Systems Integration, Inc. (9098); ConvergeOne Technology Utilities, Inc. (6466); ConvergeOne Texas, LLC (5063); ConvergeOne Unified Technology Solutions, Inc. (2412); ConvergeOne, Inc. (3228); Integration Partners Corporation (7289); NetSource Communications Inc. (6228); NuAge Experts LLC (8150); Providea Conferencing, LLC (7448); PVKG Intermediate Holdings Inc. (4875); Silent IT, LLC (7730); and WrightCore, Inc. (3654). The Debtors' mailing address is 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437.

5.    The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

6.    A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than ConvergeOne Holdings, Inc., to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the following chapter 11 cases: ConvergeOne Holdings, Inc., Case No. 24-90194 (CML); AAA Network Solutions, Inc., Case No. 24-90196 (CML); ConvergeOne Dedicated Services, LLC, Case No. 24-90197 (CML); ConvergeOne Government Solutions, LLC, Case No. 24-90198 (CML); ConvergeOne Managed Services, LLC, Case No. 24-90199 (CML); ConvergeOne Systems Integration, Inc., Case No. 24-90200 (CML); ConvergeOne Technology Utilities, Inc., Case No. 24-90201 (CML); ConvergeOne Texas, LLC, Case No. 24-90193 (CML); ConvergeOne Unified Technology Solutions, Inc., Case No. 24-90202 (CML); ConvergeOne, Inc., Case No. 24-90203

(CML); Integration Partners Corporation, Case No. 24-90204 (CML); NetSource Communications Inc., Case No. 24-90205 (CML); NuAge Experts LLC, Case No. 24-90206 (CML); Providea Conferencing, LLC, Case No. 24-90207 (CML); PVKG Intermediate Holdings Inc., Case No. 24-90195 (CML); Silent IT, LLC, Case No. 24-90208 (CML); WrightCore, Inc., Case No. 24-90209 (CML).  The docket in Case No. 24-90194 (CML) should be consulted for all matters affecting this case.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-90194 (CML)**.

7.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

8.      Any party in interest may request joint hearings on matters pending in any of the Chapter 11 Cases.

9.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

10.     The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11.     Any creditor filing a proof of claim against any of the Debtors or their respective estates shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of the Court.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

7

13.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

14.     This Order shall take effect immediately upon entry.

Signed:  April 04, 2024

_____

Christopher Lopez
United States Bankruptcy Judge

8