IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CONVERGEONE HOLDINGS, INC., *et al.*,[1] | ) Case No. 24-90194 (CML) |
| Debtors. | ) (Jointly Administered) |

**NOTICE OF (I) ENTRY OF ORDER APPROVING THE DEBTORS' DISCLOSURE STATEMENT AND CONFIRMING THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF CONVERGEONE HOLDINGS, INC. AND ITS DEBTOR AFFILIATES AND (II) OCCURRENCE OF THE EFFECTIVE DATE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On May 23, 2024, the Honorable Christopher M. Lopez, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement on a Final Basis and (II) Confirming the Joint Prepackaged Chapter 11 Plan of Reorganization of ConvergeOne Holdings, Inc. and Its Debtor Affiliates* [Docket No. 396] (the "**Confirmation Order**") confirming the *Joint Prepackaged Chapter 11 Plan of Reorganization of ConvergeOne Holdings, Inc. and Its Debtor Affiliates (Technical Modifications)* [Docket No. 328] (as modified, amended, or supplemented from time to time in accordance with its terms, the "**Plan**")[2] and approving, on a final basis, the Disclosure Statement [Docket No. 26] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" or the "**Reorganized Debtors**").

Pursuant to the Confirmation Order, the Debtors are required to file this *Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement and Confirming the Joint Prepackaged Chapter 11 Plan of Reorganization of ConvergeOne Holdings, Inc. and Its Debtor Affiliates and (II) Occurrence of the Effective Date* no later than seven (7) business days after the Effective Date.

---

[1]  The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: AAA Network Solutions, Inc. (7602); ConvergeOne Dedicated Services, LLC (3323); ConvergeOne Government Solutions, LLC (7538); ConvergeOne Holdings, Inc. (9427); ConvergeOne Managed Services, LLC (6277); ConvergeOne Systems Integration, Inc. (9098); ConvergeOne Technology Utilities, Inc. (6466); ConvergeOne Texas, LLC (5063); ConvergeOne Unified Technology Solutions, Inc. (2412); ConvergeOne, Inc. (3228); Integration Partners Corporation (7289); NetSource Communications Inc. (6228); NuAge Experts LLC (8150); Providea Conferencing, LLC (7448); PVKG Intermediate Holdings Inc. (4875); Silent IT, LLC (7730); and WrightCore, Inc. (3654). The Debtors' mailing address is 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437.

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan.

The Effective Date of the Plan occurred on June 4, 2024. All conditions in **Article IX.A** of the Plan have been satisfied or waived pursuant to **Article IX.B** of the Plan. As set forth in **Article IX.C** of the Plan, consummation of the Plan, as defined in 11 U.S.C. § 1101(2), shall be deemed to occur on the Effective Date.

Pursuant to the Confirmation Order, the Court has approved the settlement, release, injunction, and exculpation provisions in **Article VIII** of the Plan, which are now in full force and effect.

Pursuant to **Article V.C** of the Plan, unless otherwise provided by a Final Order of the Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases pursuant to the Plan or the Rejected Executory Contract and Unexpired Lease List, if any, must be filed with the Claims and Noticing Agent at the address set forth below and served on the Reorganized Debtors on or before **July 5, 2024** (*i.e.*, 30 days after the Effective Date). **Any Proofs of Claim arising from the rejection of an Executory Contract or Unexpired Lease not timely Filed with the Claims and Noticing Agent shall be automatically Disallowed without further order of the Court, forever barred from assertion, and shall not be enforceable against the Debtors, the Reorganized Debtors, the Estates, or their property, without the need for any objection by the Debtors or Reorganized Debtors, or further notice to, action, order, or approval of the Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, and be subject to the permanent injunction set forth in Article VIII.F of the Plan, notwithstanding anything in a Proof of Claim to the contrary.** All Allowed Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims and shall be treated in accordance with **Article III** of the Plan.

Pursuant to **Article V** of the Plan, the Reorganized Debtors reserve the right to alter, amend, modify, or supplement the Rejected Executory Contract and Unexpired Lease List (with the consent of the Required Consenting Lenders) at any time on or before **July 5, 2024** (*i.e.*, 30 days after the Effective Date) upon notice to the affected counterparty.

The Debtors or the Reorganized Debtors, as applicable, shall pay Cure Claims, if any, on the Effective Date or as soon as reasonably practicable thereafter. Pursuant to **Article V.D** of the Plan, all requests for payments of Cure Claims that differ from the amounts paid or proposed to be paid by the Reorganized Debtors to a counterparty must be filed with the Court and served on the Reorganized Debtors on or before **July 5, 2024** (*i.e.*, 30 days after the Effective Date). Any such request that is not timely filed shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Reorganized Debtor, without the need for any objection by the Reorganized Debtors or any other party in interest or any further notice to or action, order, or approval of the Court.

All requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Confirmation Date must be filed no later than **July 19, 2024** (*i.e.*, 45 days after the Effective Date). The Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by the Court. The Reorganized Debtors shall pay Professional Fee Claims

in Cash in the amount the Court allows, from the Professional Fee Escrow Account, as soon as practicable after such Professional Fee Claims are Allowed.

The Plan, the Confirmation Order, the Definitive Documents, and their provisions are binding upon and inure to the benefit of the Debtors, the Reorganized Debtors, all current and former Holders of Claims, all current and former Holders of Interests, and all other parties-in-interest and their respective heirs, successors, and assigns, executors, administrators, Affiliates, officers, directors, managers, agents, representatives, attorneys, beneficiaries, or guardians, whether or not the Claim or Interest of such Holder is Impaired under the Plan, and whether or not such Holder voted to accept the Plan.

Copies of the Confirmation Order, the Plan, the Plan Supplement, and all documents filed in the Debtors' Chapter 11 Cases, are available, free of charge by: (a) accessing the Reorganized Debtors' restructuring website at https://dm.epiq11.com/case/c1/info; (b) contacting Epiq Corporate Restructuring, LLC (the claims, noticing, and solicitation agent retained in these Chapter 11 Cases by Court order) at (877) 295-6914 (U.S. or Canada) or +1 (971) 290-2761 (International); or (c) emailing C1-info@epiqglobal.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at https://www.txsb.uscourts.gov.

The Plan and Confirmation Order contain other provisions that may affect your rights. You are encouraged to review the Plan and Confirmation Order in their entirety.

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, PLEASE CONTACT EPIQ CORPORATE RESTRUCTURING, LLC BY CALLING (877) 295-6914 (U.S. OR CANADA) OR +1 (971) 290-2761 (INTERNATIONAL).**

*[Remainder of Page Intentionally Left Blank]*

Dated: June 4, 2024
       Houston, Texas

**WHITE & CASE LLP**

*/s/ Charles R. Koster*
Charles R. Koster (Texas Bar No. 24128278)
**WHITE & CASE LLP**
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile:  (713) 496-9701
Email: charles.koster@whitecase.com

-and-

Bojan Guzina (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
Erin R. Rosenberg (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
Adam T. Swingle (admitted *pro hac vice*)
**WHITE & CASE LLP**
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
Email: bojan.guzina@whitecase.com
       aoneill@whitecase.com
       erin.rosenberg@whitecase.com
       blair.warner@whitecase.com
       adam.swingle@whitecase.com

*Counsel to the Debtors and*
*Debtors in Possession*

### Certificate of Service

    I certify that on June 4, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Charles R. Koster*
                                                  Charles R. Koster